1
2
3
4
5
6
7

8                      UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10    KEITH TURNER,                          Case No.:  25cv0174 DMS (DDL)

11                          Plaintiff,       **ORDER (1) GRANTING**
                                             **PLAINTIFF'S MOTION TO**
12    v.                                     **PROCEED IN FORMA PAUPERIS**
                                             **AND (2) DISMISSING COMPLAINT**
13    UNITED STATES OF AMERICA,              **WITHOUT PREJUDICE FOR**
                                             **FAILING TO STATE A CLAIM**
14                          Defendant.       **UPON WHICH RELIEF CAN BE**
                                             **GRANTED PURSUANT TO 28 U.S.C.**
15                                           **§ 1915(e)(2)(B)(i)**
16
17

18          Plaintiff, a non-prisoner proceeding *pro se*, has submitted a Complaint along with a

19    request to proceed *In Forma Pauperis*.

20    **Motion to Proceed IFP**

21          All parties instituting any civil action, suit or proceeding in a district court of the

22    United States, except an application for writ of habeas corpus, must pay a filing fee of

23    $400.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to

24    prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28

25    U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  This Court

26    finds Plaintiff's affidavit of assets is sufficient to show he is unable to pay the fees or post

27    securities required to maintain this action.  *See* Civil Local Rule 3.2(d).  Accordingly, the

28    Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

1

1 **Sua Sponte Screening per 28 U.S.C. §  1915(e)(2)**

2       Notwithstanding payment of any filing fee or portion thereof, a complaint filed by

3 any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and

4 *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to

5 state a claim upon which relief may be granted, or seeks monetary relief from a defendant

6 immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845

7 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to

8 prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*).  Prior to

9 its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d)

10 permitted *sua sponte* dismissal of only frivolous and malicious claims.  *Id.* at 1130.  The

11 newly enacted 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a

12 complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own

13 motion to dismiss before directing that the complaint be served by the U.S. Marshal

14 pursuant to Fed. R. Civ. P. 4(c)(2).  *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only

15 permits, but requires a district court to dismiss an in forma pauperis complaint that fails to

16 state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting

17 the "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil

18 Procedure 12(b)(6).").

19       Here, Plaintiff filed a Complaint alleging claims for violations of his rights under the

20 First, Fourth, Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments to the United

21 States Constitution.  Plaintiff sets out several pages of facts in his Complaint, but none of

22 those facts supports the claims alleged.  For instance, Plaintiff alleges he is a victim of

23 human trafficking, and that the traffickers "have technology that allows them to interact

24 with [his] nervous system."  (Compl. at 4.)  Plaintiff further alleges the traffickers "can

25 both send signals to [his] nerves and track the actions of at least parts of [his] nervous

26 system."  (*Id.*)  He also alleges the traffickers keep him awake at night, control his sleeping

27 patterns, send signals to his nerves that cause pain, itching, and burning sensations, among

28

25cv0174 DMS (DDL)

1   other things.  (*Id.* at 5.)  Given the facts alleged, the Court finds Plaintiff's Complaint is

2   frivolous and subject to dismissal under § 1915(e)(2)(B)(i).

3   **Conclusion and Order**

4   For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed

5   IFP is **GRANTED** and the Complaint is **DISMISSED** with prejudice and without leave to

6   amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1127, n.8 (9th Cir. 2000) ("When a case may

7   be classified as frivolous or malicious, there is, by definition, no merit to the underlying

8   action and so no reason to grant leave to amend.")  The Clerk of Court shall enter judgment

9   accordingly and close this case.

10   **IT IS SO ORDERED**.

11   Dated:  April 30, 2025

12   

Hon. Dana M. Sabraw
United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25cv0174 DMS (DDL)